No. 16,864.

UNION TRANSFER COMPANY *v.* AIRLINE EXPRESS.
(256 P. [2d] 902)

Decided April 20, 1953.

Mr. Truman A. Stockton, Jr., Mr. John H. Lewis, for plaintiff in error.

Mr. E. B. Evans, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error, Union Transfer Company, Inc., to which we will hereinafter refer as Union, seeks reversal of a judgment against it in favor of Airline Express, Inc.

The time involved is fixed as the dates between September 27, 1949 and October 7, 1949, during which time it is admitted that Union had common-carrier authority from the Interstate Commerce Commission to transport commodities between Omaha, Nebraska and Denver, Colorado, but had no authority to serve or transport commodities between Denver, Colorado and the Bonny Dam site near Hale, Colorado, nor any authority to serve that area; however, during the time involved it did transport six shipments from Hale, Colorado to Omaha, Nebraska.

It is admitted that Airline, defendant in error, has authority to serve the Bonny Dam site near Hale, such authority being given by the Interstate Commerce Commission and the Public Utilities Commission of the State of Colorado, authorizing transportation as a common carrier of general commodities between Denver, Colorado, and the Bonny Dam site. It further is admitted that on the dates herein involved, there were five other irregular routes, irregular scheduled carriers, which had authority to transport the commodi-

ties in question between Denver, Colorado and the Bonny Dam site. That these irregular carriers had principal places of business in the City and County of Denver.

Airline filed its action against Union for damages it claimed on account of Union not electing to appoint Airline as a connecting carrier to Denver for the transportation of the commodities involved. It appears from the record that Union was prosecuted and fined $200.00 for transporting the shipments without authority. While the statement does not appear in the record, it is in the brief of counsel for Union, and not denied by counsel for Airline, that the trial court stated, "In view of defendant's flagrant violations," the court was awarding damages to the plaintiff. In other words, it is intended to be inferred that the trial court was influenced by the fact that Union had been punished for violation, and that the judgment it entered against Union was additional punishment therefor. The matter of the prosecution of Union was a separate and distinct case to the one at bar. At the conclusion of the trial had to the court upon the complaint and answer, damages were awarded to Airline in the sum of $301.58, together with interest and costs. Airline has filed cross-specifications of error claiming that the damages awarded were inadequate. Union, for reversal, relies upon the following points: The court erred in not granting Union's motion to dismiss; in awarding judgment when Airline failed to show it was damaged; that damages were too remote and too speculative; and in failing to consider that five other carriers, as well as Airline, had authority to transport the commodities in question.

Our study of this matter convinces that the judgment should be reversed on one apparent ground without a discussion of the other questions presented, that is, that there is no showing, and apparently none could be made, that Airline had any exclusive right to be elected by Union for the transportation of the

commodities involved over the other five irregular route, irregular schedule carriers. Union could have selected any one of the other five, and as to whether Airline would have been favored is too speculative and too uncertain to allow a recovery of damages. These other carriers had authority to handle the transportation, and it appears that Union was at liberty to determine for itself, if it made a selection, which carrier it might employ and would not be held to be discriminating against any particular one if it made a selection of another, equally authorized, to transport the commodities in question. Airline produced no books concerning its profits or losses in operation. By its complaint, it was making claim for damage as a loss of profit on business that it imagined it would have handled. Such uncertainty and speculation will not support judgments. In fact, the trial court, near the conclusion of the case, stated, "The weakness of this case is that you have not proven your damage, Mr. Evans." This reference was to counsel for Airline, the plaintiff.

In view of the observations hereinbefore made, if the judgment in this case was allowed to stand, then Union could be subjected to five similar lawsuits from the five irregular route carriers, who would have as much right to maintain an action as Airline. The very basis of this or any other judgment is the right of the party to maintain an action. It is clear that Airline would not have such exclusive rights as would be a basis for this or any other similar action.

The judgment is reversed and the cause remanded with direction to dismiss the complaint.